UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IRMA LEMUS DE LEMUS,

       Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:23-cv-00036-CDB (SS)

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS, SCHEDULING ORDER, AND CONSENT OR REQUEST FOR REASSIGNMENT DOCUMENTS

(ECF No. 2)

       Plaintiff Irma Lemus De Lemus ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (ECF No. 1). Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court finds issuance of the new case documents and Petitioner's application to proceed *in forma pauperis* appropriate.

## I.   Proceeding *in forma pauperis*

       The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assts such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court reviewed the financial status affidavit (ECF No. 2) and finds the requirements of

1  28 U.S.C. § 1915(a) are satisfied.

2  **II.   Screening Requirement**

3      When a party seeks to proceed *in forma pauperis*, the Court is required to review the

4  complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails

5  to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant

6  who is immune from such relief."  28 U.S.C. §§ 1915(b) & (e)(2).  A petitioner's claim is

7  frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible,

8  whether or not there are judicially noticeable facts available to contradict them."  *Denton v.*

9  *Hernandez*, 504 U.S. 25, 32-33 (1992).

10  **III.    Pleading Standards**

11      A complaint must include a statement affirming the court's jurisdiction, "a short and plain

12  statement of the claim showing the pleader is entitled to relief; and…a demand for the relief

13  sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

14  8(a).  The purpose of the complaint is to give the defendant fair notice of the claims, and the

15  grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512

16  (2002).  As set forth by the Supreme Court, Rule 8:

17
        … does not require detailed factual allegations, but it demands more than an
18      unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that
        offers labels and conclusions or a formulaic recitation of the elements of a cause of
19      action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid
        of further factual enhancement.

20  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

21  Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*,

22  673 F.2 266, 268 (9th Cir. 1982).  The *Iqbal* Court clarified further,

23
        [A] complaint must contain sufficient factual matter, accepted as true, to "state a
        claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
24      544, 570 (2009).  A claim has facial plausibility when the plaintiff pleads factual
        content that allows the court to draw the reasonable inference that the defendant is
25      liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin
        to a "probability requirement," but it asks for more than a sheer possibility that a
26      defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are
        "merely consistent with" a defendant's liability, it "stops short of the line between
27      possibility and plausibility of "entitlement to relief."

28

*Iqbal*, 556 U.S. at 678.  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.    Discussion and Analysis**

Petitioner seeks review of a decision by the Commissioner of Social Security denying disability benefits.  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

Petitioner seeks to appeal the final administrative decision denying an application for benefits.  (ECF No. 1 at ¶ 2).  Petitioner reports the Appeals Council issued a notice denying a request for review of the decision on November 4, 2022.  *Id.*  Thus, Petitioner's complaint is timely.  Petitioner states she resides in the County of Fresno.  *Id.* at ¶ 4.  Therefore, the Court has jurisdiction over this action.

**V.    Conclusion and Order**

Petitioner's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits.   ACCORDINGLY, IT IS HEREBY ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Clerk of Court is directed to issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request for Reassignment; and 4) a Consent to Assignment or Request for

Reassignment form.

IT IS SO ORDERED.

Dated:   **January 9, 2023**

UNITED STATES MAGISTRATE JUDGE